```
                    UNITED STATES BANKRUPTCY COURT
                   FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                            )
                                  )    Chapter 7
WAYNE ENGINEERING                 )    Bankruptcy No. 05-03394
CORPORATION,                      )
                                  )
      Debtor.                     )
--------------------------------  )
WAYNE INDUSTRIAL HOLDINGS,        )    Adversary No. 06-09177
                                  )
      Plaintiff,                  )
                                  )
      vs.                         )
                                  )
CYNTHIA GORO, et al               )
                                  )
      Defendants.                 )
```

### ORDER RE: MOTION TO DETERMINE WHETHER CLAIMS ARE
### CORE OR NON-CORE

This matter came before the undersigned on May 23, 2008. Plaintiff Wayne Industrial Holdings was represented by Attorneys Paula Roby and Clint McCord. Attorney Michael Hofmann represented Republic Financial Corp., Wayne LLC, and E-Z Pack LLC (the "Corporate Defendants"). Attorneys Michael McDonough and Dawn Gibson represented Defendants Cynthia Goro, John Worthington, Stan Worthington and Wayne Worthington (the "Worthington Family Defendants"). After hearing arguments of counsel, the Court took the matter under advisement.

### STATEMENT OF THE CASE

The Corporate Defendants filed an "Unopposed Motion to Determine Whether Claims are Core or Non-Core Under 28 U.S.C. § 157(b)(3)." The Worthington Family Defendants filed a joinder. Jointly, Defendants request that the Court determine whether all four Counts of Plaintiff's Third Amended Complaint are core or non-core claims. The motion asserts that the claims against them are state-law tort claims for conversion and interference with business relations and that no relief is sought for the bankruptcy estate or creditors.

The Motion states that "counsel for the plaintiff does not oppose this motion." Plaintiff responds that its counsel

indicated to counsel for Defendants that it would not resist the motion.  Plaintiff, however, responds that it "neither endorses the purpose of the motion nor agrees with any suggestion that this Court did not already determine that this is a 'core' proceeding."  It asserts that the Court "already unequivocally stated" in the Order denying Defendants' Motion to Dismiss that this is a core proceeding.  At the hearing, counsel stated Plaintiff was standing on its arguments relating to the Motion to Dismiss.

By Order filed April 17, 2008, this Court denied Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.  The Court concluded that it has "core" and "related to" jurisdiction over all four Counts of Plaintiff's Complaint.  In setting the hearing on this Motion by Order filed May 13, 2008, the Court directed the parties to delineate the following as to each Count: "1) Plaintiff's theory of the claim and which Defendants are implicated; 2) the type of relief sought; and 3) if Plaintiff seeks damages, who will benefit."

All parties have filed Statements as requested.  The Corporate Defendants state, in summary, they understand the claims are state law tort claims, and not arising under the Bankruptcy Code.  The relief sought would benefit only Plaintiff.  The Worthington Family Defendants assert all claims are non-core and only Plaintiff will benefit from any damages awarded.  At the hearing, Defendants stated that Plaintiff's statement makes clear that all the claims are based on actions alleged to have occurred after the sale of property of the bankruptcy estate.  They state that none of the relief requested is dependent on bankruptcy law.

The background facts in this proceeding are set out in detail in the Order denying Defendants' Motion to Dismiss filed April 17, 2008.  In summary, Plaintiff purchased assets of Debtor's bankruptcy estate at a sale approved by court order entered on December 6, 2006.  Defendant Wayne LLC was an unsuccessful bidder at the sale.  All of the other Defendants are owners or principals of Wayne LLC.  The Worthington Family Defendants were also principals and shareholders of the Debtor corporation.

Plaintiff's Statement Pursuant to Order of May 13, 2008 is the clearest description of the claims presented herein.  According to that Statement, Count I of Plaintiff's complaint asserts "some or all" of the Defendants committed the tort of conversion by depriving Plaintiff of possession of property it purchased at the sale.  Count II asserts Defendants committed the tort of interference with business relationships that Plaintiff

purchased at the sale. Count III requests injunctive relief to protect the property Plaintiff purchased and Count IV requests turnover of purchased assets. Plaintiff alone would be the beneficiary of any damages or relief awarded in this proceeding. Plaintiff also contends, however, that the ultimate beneficiary is the integrity of the bankruptcy sale process.

The Court notes that Trustee is not a party to this adversary proceeding. In the bankruptcy case, however, Trustee has filed a Motion to set aside the break-up fee the Court approved to be paid to Wayne LLC in relation to the December 2006 sale of Debtor's assets to Plaintiff herein. That motion implicates the parties named as Defendants herein. It relates, however, to their actions prior to the approval of the sale and to the distribution of the break-up fee, and is entirely separate from this adversary proceeding. See In re Wayne Engineering Corp., No. 05-03394, Doc. 368 (Bankr. N.D. Iowa May 14, 2008) ("Joint Pretrial Statement").

## CONCLUSIONS OF LAW

In the Order on Defendants' Motion to Dismiss, this Court considered whether it had subject matter jurisdiction over this proceeding. The Court concluded, in the alternative, that it had either "core" or "related to" jurisdiction for purposes of the Motion to Dismiss. Defendants now request a determination of whether each of the Counts in Plaintiff's Third Amended Complaint raises "core" or "non-core" claims. After reviewing the entire file in this proceeding and after much contemplation, the Court believes it is appropriate to revisit these issues and consider whether this is the appropriate forum to determine the claims raised by Plaintiff.

It is axiomatic that questions of jurisdiction may be raised at any time and may not be waived. Harmon Industries, Inc. v. Browner, 191 F.3d 894, 903 (8th Cir. 1999); In re Farmland Industries, Inc., 378 B.R. 829, 833 (B.A.P. 8th Cir. 2007) (court sua sponte raised issue of subject matter jurisdiction on appeal). Likewise, the Court may consider sua sponte whether permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is appropriate. In re Dennis, 218 B.R. 52, 54 (Bankr. E.D. Ark. 1997). Section 1334(c)(1) provides:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding arising

under title 11 or arising in or related to a case under title 11.

Under this discretionary provision, courts have broad discretion to abstain from hearing state law claims. <u>Transamerica Financial Life Ins. Co. v. Merrill Lynch & Co.</u>, 302 B.R. 620, 628 (N.D. Iowa 2003). Courts are guided by notions of judicial abstention which include the premise that federal courts should exercise their jurisdiction if it exists and that abstention is the exception rather than the rule. <u>In re Williams</u>, 256 B.R. 885, 893 (B.A.P. 8th Cir. 2001).

> Additionally, courts have developed a number of factors that may be considered in determining whether abstention is appropriate. These include:
>
> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
> (2) the extent to which state law issues predominate over bankruptcy issues,
> (3) the difficult or unsettled nature of the applicable law,
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
> (7) the substance rather than the form of an asserted 'core' proceeding,
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
> (9) the burden [on] the bankruptcy court's docket,
> (10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,
> (11) the existence of a right to a jury trial, and
> (12) the presence in the proceeding of nondebtor parties.

<u>Id.</u> at 894 (citations omitted).

Where a proceeding sounds in state law and bears a limited connection to a bankruptcy case, abstention is particularly

compelling.  <u>In re Titan Energy, Inc.</u>, 837 F.2d 325, 332 (8th Cir. 1988).  In <u>Titan Energy</u>, the court found that the better part of discretion counseled abstention.  <u>Id.</u> at 330.  The court considered policy concerns, the fact that the bankruptcy case was a Chapter 7 rather than Chapter 11 case, the state law basis of the claims and limited connection to the bankruptcy case and the fact that the action was brought by one non-debtor against another non-debtor.  <u>Id.</u> at 330-32.

## ANALYSIS

The Court has taken a closer look at this proceeding, including the recent arguments and statements filed by the parties.  In addition to the foregoing, the Court has undertaken further review of the Bankruptcy Appellate Panel's decision in <u>In re Farmland Industries, Inc.</u>, 378 B.R. 829 (B.A.P. 8th Cir. 2007) (appealed to the Eighth Circuit, No. 07-3929).  In that case, the Appellate Panel found that the bankruptcy court did not have either "core" or "related to" jurisdiction.  <u>Id.</u> at 833, 836.  Like this case, the complaint in <u>Farmland</u> involved "a dispute between non-debtor third parties grounded in state tort law and is therefore not a core proceeding arising under the Bankruptcy Code nor in a bankruptcy case."  <u>Id.</u> at 833.  Having conducted further review of the record as a whole, this Court concludes that its previous decision finding core jurisdiction herein must be reconsidered.  Based upon Plaintiff's statement as to the exact nature of it's claims, the Court now concludes that all Counts set out in Plaintiff's Third Amended Complaint are non-core matters.

Furthermore, the Court finds that permissive abstention is appropriate in this case.  A resolution of this proceeding will have no effect on the related bankruptcy case.  It involves only state law issues and the Court would not have jurisdiction to hear it in the absence of the related bankruptcy case.  All parties are non-debtors.  This proceeding is separate from Trustee's Motion to reconsider the break-up fee in the bankruptcy case.  Although both matters concern the same parties, there is no reason to keep this proceeding in this Court.  Rather, the Iowa courts' knowledge of state law and the dominance of state law issues and non-debtor parties leads the Court to favor absention in this proceeding.

Generally, a stay rather than dismissal is the preferred mode of abstention where the possibility of a return to the federal court remains.  <u>Capitol Indem. Corp. v. Haverfield</u>, 218 F.3d 872, 874 n.2 (8th Cir. 2000).  Dismissal is appropriate, however, where there is no reason the case would return to this

court.  Id.  In light of the Court's decision to abstain under 28 U.S.C. 1334(c)(1) and with no reason to believe that this matter will return to bankruptcy court, this adversary proceeding should be dismissed.

**WHEREFORE**, Defendants' Unopposed Motion to Determine Whether Claims are Core or Non-Core Under 28 U.S.C. § 157(b)(3) and the Joinder therein are GRANTED.

**FURTHER**, all four Counts in Plaintiff's Third Amended Complaint are non-core claims.

**FURTHER**, the Court concludes, sua sponte, that permissive abstention pursuant to 28 U.S.C. § 1334(c)(1) is appropriate.

**FURTHER**, this adversary proceeding is DISMISSED WITHOUT PREJUDICE.

DATED AND ENTERED:

June 5, 2008                    /s/ Paul J. Kilburg
                                _____
                                PAUL J. KILBURG
                                CHIEF BANKRUPTCY JUDGE